IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| Respondent | * |
| v. | * Criminal No. **PJM 95-0294** |
| **DONALD WARDRICK** | * |
| Petitioner | * |

**MEMORANDUM OPINION**

Donald Wardrick, *pro se*, has filed a Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) seeking a reduction of his sentence pursuant to Amendment 782 to the U.S. Sentencing Guidelines. ECF No. 270. The Court has considered the Motion and the Government's Opposition. For the reasons that follow, the Motion is **DENIED.**

I. FACTUAL AND PROCEDURAL BACKGROUND

In June 1996, Wardrick was found guilty of various heroin-related offenses. At sentencing, the Court determined his base offense level was 36 under U.S.S.G. § 2D1.1. When combined with the other guideline applications, his final offense level was calculated to be 42. Given Wardrick's criminal history category V, his original custody range was 360 months to life. On October 3, 1996, the Court sentenced Wardrick to 360 months' imprisonment. Since then, Wardrick has filed several motions attacking the judgment pursuant to various Rules of Criminal and Civil Procedure, all of which the Court has denied.

On May 26, 2015, Wardrick filed the present Motion, seeking a reduction of his sentence pursuant to Amendment 782 to the U.S. Sentencing Guidelines. ECF No. 270. He argues that his sentence was imposed under an incorrect statute and that the Court based its sentence on "improper" and "over-exaggerated" offense level and criminal history calculations in the Pre-Sentence Report (PSR). *Id*. ¶¶ 21-22. On April 19, 2017, the Government filed its opposition. ECF No. 277. Wardrick replied on May 19, 2017. ECF No. 278. The Court **DENIES** the Motion.

## II. ANALYSIS

Amendment 782, effective November 1, 2014, reduced the base offense level for certain drug offenses by two levels under U.S.S.G. § 2D1.1. 18 U.S.C. § 3582(c)(2) provides that "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the Court to reduce his sentence. The Court may reduce the defendant's sentence after considering relevant factors under 18 U.S.C. § 3553(a), "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

However, a sentence reduction is not consistent with the policy statements of the Sentencing Commission, and thus not authorized, if the subsequent amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Sentencing Commission has defined the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined . . . before consideration of any departure provision." U.S.S.G. App. C, Amend. 759 (2011); U.S.S.G. § 1B1.10, cmt. n.1(A).

In Wardrick's case, Amendment 782 does not have the effect of lowering his applicable guideline range. As the Government suggests, Wardrick's new offense level of 40, coupled with

his criminal history category V, would leave his guideline range of 360 months to life imprisonment intact.

To the extent Wardrick challenges the criminal history and offense level calculations in the PSR, his Motion also fails. He is not able to challenge the original sentencing range through a Motion pursuant to § 3582(c)(2). His Motion appears to be little more than another attempt at a direct challenge to his sentence, i.e., a successive habeas petition under 28 U.S.C. § 2255. As the Court has noted previously, Wardrick's poorly disguised attempts to rehash his unsuccessful habeas petition will not stand.[1]

### III.   CONCLUSION

For the foregoing reasons, Wardrick's Motion to Modify Sentence under 18 U.S.C. § 3582(c)(2) is **DENIED**.

A separate Order will **ISSUE**.

                                                                         /s/
                                          **PETER J. MESSITTE**
                              **UNITED STATES DISTRICT JUDGE**

**September 14, 2017**

---

[1] Wardrick has also filed a letter with the Court requesting early release under supervised home confinement. ECF No. 280. The Court does not have authority to grant the requested relief. Any decisions regarding early release are made by the U.S. Bureau of Prisons.